| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY |
| COUNTY OF MARION | ) | SUPERIOR COURT |
| | )SS: | |
| | ) | |
| | ) | CAUSE NO.: |
| Jamie Butcher, | ) | 49D06 16 06 PL 022894 |
| | ) | |
| Plaintiff, | ) | FILED |
| | ) | |
| v. | ) | JUN 27 2016 |
| | ) | |
| Hancock Regional Hospital | ) | |
| | ) | CLERK OF THE MARION CIRCUIT COURT |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Jamie Butcher, was employed by Hancock Regional Hospital. Plaintiff has had multiple sclerosis for several years. She was placed on short term disability after she asked for a reasonable accommodation at work and thus was denied both the appropriate interactive process and a reasonable accommodation. Plaintiff now sues Defendant under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 to 12117, for its unlawful employment practices on the basis of disability and intentional infliction of emotional distress under state law.

### II. VENUE AND JURISDICTION

2. Defendant operates Hancock Regional Hospital located at 801 N. State Street Greenfield, IN 46140, which is in Hancock County, and has over 100 employees.

3. Plaintiff, Ms. Butcher, was employed at the Greenfield location of Hancock Regional Hospital at the time of the subject incident.

4. Venue is appropriate pursuant to Ind. R. Trial P. 75(A)(4).

1

5. On or about July 24, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") at the Indianapolis District Office, located at 101 West Ohio St, Ste. 1900, Indianapolis, IN 46204. The charge was filed within three hundred (300) days after the occurrence of one or more of the unlawful employment practices alleged herein.

6. On March 30, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter, stating that Plaintiff could file an action under Title I of the ADA. Plaintiff's attorney received a copy of this notice on April 1, 2016. Plaintiff filed the complaint in this case within 90 days after the date on which she received the Notice of Right to Sue.

7. Consequently, all jurisdictional prerequisites to this institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies as required by law.

### III. STATEMENT OF FACTS

8. Ms. Butcher was a nurse who worked for approximately nine years at Hancock Regional Hospital on the Critical Care Unit.

9. She was successful at this position. As recently as a few months before the subject incident she received a "Salute to Nurses" award that described her as a "valued part of the family here at Hancock Regional Hospital" and complimented her on her "professionalism and dedication."

10. Ms. Butcher was diagnosed with MS approximately seven years ago.

11. For several years, she has had difficulty with starting IVs and drawing labs due to tremors associated with her MS.

12. Having difficulty starting IVs and drawing labs had never presented a problem. Other nurses would help her with those tasks and she, in turn, would help the other nurses.

13. Her direct supervisor, Laura Bossingham, was aware of these accommodations.

14. On March 10, Ms. Butcher was asked to float to the Emergency Department. She expressed concerns about this assignment to the charge nurse, Ms. Kendall, because much of the Emergency Department work involved starting IVs.

15. Ms. Butcher was told by the charge nurse that it would be okay and to go anyway and that Ms. Butcher could do other work that did not include starting an IV or doing a blood draw. Unfortunately, despite the charge nurse's assurances, Ms. Butcher was expected to start IVs in the Emergency Department; she was unable to do so and thus, had to return to her unit.

16. Ms. Butcher sent an email to her second line supervisor, Tammy Strunk, on March 10, 2015, explaining the situation as a way to avoid future similar problems.

17. On March 11, 2015, Ms. Butcher was called into a meeting with Jenny Weidner, Human Resource Business Partner, Ms. Strunk, Laura Bossingham, supervisor, and Laura Nichols, HR Director.

18. At the meeting, Ms. Butcher was told that she could not perform her job functions and therefore, she must take short-term disability and she would not be permitted to return to work.

19. At that same meeting, Mss. Weidner and Strunk gave Ms. Butcher a blank Reasonable Accommodations Work Sheet, though the form was not filled out and no accommodations were offered, there were no instructions to return it and she was immediately placed on short term disability. Since that time, Ms. Butcher has had a medication change and can now perform all of the job functions without accommodations.

20. On June 9, 2015, Ms. Butcher met with Mss. Weidner and Strunkand was told by them that they will allow her to come back to work since she no longer needs accommodations.

21. Ms. Butcher was required to provide a physician's statement discussing the tremors.

22. Ms. Butcher obtained a note from her doctor dated June 19, 2015, saying that she was able to perform all job functions.

23. There have been no specific accommodations discussed or offered should her tremors return.

24. Ms. Butcher left employment with Hancock Regional Hospital on July 20, 2015.

## IV. CLAIMS

### A. Count One

### [Americans with Disabilities Act]

25. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

26. Hancock Regional Hospital, through Ms. Strunk and Ms. Weidner, failed to participate in the interactive process required for persons with disabilities seeking reasonable accommodations.

27. Rather than work with Ms. Butcher to determine a reasonable accommodation, one that had previously allowed her to perform all essential functions of her job, Mss. Strunk and Weidner forced Ms. Butcher on to short-term disability effective March 11, 2015.

28. It was only then that Mss. Strunk and Wiender gave Ms. Butcher a Reasonable Accommodations Worksheet, which was never completed or discussed in a meaningful way.

29. It was only when Ms. Butcher no longer needed an accommodation that Hancock Regional Hospital would allow her to return to work.

30. Ms. Butcher successfully and safely worked as a nurse for several years utilizing informal accommodations where her co-workers would assist her with IVs and blood draws, and she in turn, would assist them with other tasks.

31. On March 11, 2015, when Ms. Butcher attempted to formalize this accommodation, she was instead forced onto short-term disability and was denied the opportunity to engage in the interactive process for a situation that could have been easily accommodated.

32. The acts alleged above constitute unlawful practices in violation of 42 U.S.C. § 12112(a), 12112(b)(1), 12112(b)(4) and 12112(b)(5) and 29 C.F.R. § 1630.9. All conduct alleged above occurred during a legally cognizable time period at Defendant's facility. These practices include, but are not limited to not properly engaging in the interactive process, and denying reasonable accommodations.

33. Defendant's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and equal job benefits.

34. The unlawful employment practices complained of above were intentional and malicious, and done with intentional or reckless disregard of Plaintiff's federally protected rights.

### B. Count Two

### [Intentional Infliction of Emotional Distress]

35. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

36. Defendant's conduct alleged above was extreme and outrageous, and went beyond all possible bounds of decency.

37. Defendant's conduct alleged above was intentional or reckless.

38. As a result of Defendant's conduct alleged above, Plaintiff suffered extreme emotional distress and mental anguish.

## V. PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants that:

1. Awards economic damages in the form of lost back pay, medical insurance premiums, medical expenses as a result of the canceled insurance, and other pecuniary losses, together with interest as permitted by law;

2. Awards compensatory damages for mental pain and anguish in amounts to be proved at trial;

3. Awards attorneys' fees and costs of this action. *See* 42 U.S.C. § 12205;

4. Awards punitive damages in an amount to be proven at trial;

5. Awards other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and

6. Awards such other and further relief as this Court deems necessary and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

Respectfully submitted,

_____
Keith Butler
Attorney No. 27766-29


Keith A. Butler
Attorney No. 27766-29
Indiana Disability Rights
4701 N. Keystone Ave., Suite 222
Indianapolis, Indiana 46205
(317) 607-3771,
kbutler@indianadisabilityrights.org
Attorney for Petitioner

| | | |
|---|---|---|
| STATE OF INDIANA )<br>COUNTY OF MARION )<br>)SS: | | IN THE MARION COUNTY<br>SUPERIOR COURT |

CAUSE NO.: 49D06 16 06 PL 022894

Jamie Butcher,

    Plaintiff,

v.

Hancock Regional Hospital

    Defendant.

FILED
JUN 27 2016
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1. The party on whose behalf this form is being filed is:
Initiating __X__    Responding ____    Intervening ____ ; and the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Jamie Butcher
11554 N. 100 E
Morristown, IN 46161

2. Attorney information for service as required by Trial Rule 5(B)(2):

Keith A. Butler  27766-29
4701 N. Keystone Ave. #222
Indianapolis, IN 46205
Phone:  (317) 607-3771
Fax:    (317) 722-5564
Email:  kbutler@ipas.in.gov

Emily Munson  29025-49
4701 N. Keystone Ave., Suite 222
Indianapolis, IN 46205
Phone:  (317) 504-2578
Fax:    (317) 722-5564
Email:  emunson1@ipas.in.gov

3. This is a PL case type as defined in administrative Rule 8(B)(3).

4. I will accept service by FAX at the above noted number: Yes ____ No __X__

5. This case involves child support issues. Yes ____ No __X__

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No __X__

7. This case involves a petition for involuntary commitment. Yes ____ No __X__

8. N/A

9. There are related cases: Yes ____ No __X__

10. Additional information required by local rule:
_____

11. There are other party members: Yes ____ No __X__

12. This form has been served on all other parties and Certificate of Service is attached: Yes _X_ No____

Respectfully Submitted,

*[signature]*

Keith A. Butler 27766-29
4701 N. Keystone Ave. #222
Indianapolis, IN 46205
Phone: (317) 607-3771
Fax:    (317) 722-5564
Email: kbutler@ipas.in.gov

Keith A. Butler
Attorney No. 27766-29
Indiana Protection & Advocacy Services
4701 N. Keystone Ave., Suite 222
Indianapolis, Indiana 46205
(317) 607-3771
kbutler@ipas.in.gov
Attorney for Petitioner

# SUMMONS

| Jamie Butcher | In the Marion Superior Court, Room No. |
|---|---|
| Plaintiff | |
| -vs- | Cause No. 49D061606PL022894 |
| Hancock Regional Hospital | |
| Defendant | |

TO DEFENDANT: (Name) __Steve Long, CEO, Hancock Regional Hospital__

(Address) __801 N. State Street__

__Greenfield, IN 46140__

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _____  _____ (Seal)
Clerk, Marion Superior Court

(The following manner of service of summons is hereby designated.)

- [✓] Registered or certified mail.
- [ ] Service at place of employment, to-wit _____
- [ ] Service on individual   (Personal or copy) at above address.
- [ ] Service on agent. (Specify) _____
- [ ] Other service. (Specify) _____

__Keith Butler__
Attorney for Plaintiff

4701 N. Keystone Ave. # 222, Indianapolis, IN 46205
Address

(317) 607-3771
Telephone

Marion County Superior Court
200 East Washington Street
Indianapolis, IN 46204
Telephone

Form #209

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

Sheriff's Costs

Sheriff

By: _____
        Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20. _____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk, Marion Superior Court

Dated: _____, 20_____   By: _____
                                                     Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

Clerk, Marion Superior Court

By: _____
        Deputy

---

Telephone 317-607-3771 | Address 4701 N. Keystone Ave. #222, Indianapolis, IN | Attorney for Plaintiff Keith Butler | **SHERIFF'S COSTS** | **SUPERIOR COURT ROOM NO.** | **SUMMONS** | Defendant Hancock Regional Hospital | vs. | Plaintiff Jamie Butcher | Cause No. _____ Room No. _____